**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Defendant Lehman Brothers Special Financing Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, <br><br> Debtors. | Case No. 08-13555 (JMP) <br><br> Chapter 11 <br><br> (Jointly Administered) |
| **ALIANT BANK,** <br><br> Plaintiff, <br><br> v. <br><br> **LEHMAN BROTHERS SPECIAL FINANCING INC., J.P. MORGAN CHASE BANK, N.A., and FEDERAL NATIONAL MORTGAGE ASSOCIATION,** <br><br> Defendants. | Adv. Proc. No. 08-01751 |

### ANSWER AND AFFIRMATIVE DEFENSES OF <u>LEHMAN BROTHERS SPECIAL FINANCING INC.</u>

Pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure and Rule 12 of the Federal Rules of Civil Procedure, defendant Lehman Brothers Special Financing Inc. ("LBSF"), by its attorneys Weil, Gotshal & Manges LLP, responds to the Verified Complaint (the "Complaint") of plaintiff Aliant Bank as follows:[1]

---

[1] All capitalized terms in LBSF's Answer that are not defined herein shall have the meanings ascribed to them in Aliant Bank's Complaint.

## NATURE OF THE ACTION

1. The first sentence of paragraph 1 of the Complaint characterizes the nature of Aliant Bank's complaint and, therefore, no response is required. LBSF admits the allegations set forth in the second sentence of paragraph 1 of the Complaint. LBSF denies the allegations set forth in the third sentence of paragraph 1 of the Complaint. The fourth sentence of paragraph 1 of the Complaint states a conclusion of law and, therefore, no response is required. The first clause of the fifth sentence of paragraph 1 of the Complaint states a conclusion of law and, therefore, no response is required; the second clause of the fifth sentence of paragraph 1 of the Complaint states a conclusion of law and, therefore, no response is required, but, by way of further response, LBSF admits that it has not returned the Swap Collateral to Aliant Bank. The sixth sentence of paragraph 1 of the Complaint states a conclusion of law and, therefore, no response is required. By way of further response to the sixth sentence of paragraph 1 of the Complaint, LBSF denies that it has possession of the Swap Collateral.

With respect to the first sentence of the second paragraph of paragraph 1 of the Complaint, LBSF is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth. With respect to the second sentence of the second paragraph of paragraph 1 of the Complaint, LBSF admits only that from time to time it received monthly payments on account of the FNMA Security and that from time to time it transferred those monthly payments to Aliant Bank. By way of further response to the second sentence of the second paragraph of paragraph 1 of the Complaint, LBSF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth. By way of further response to the second sentence of the second paragraph of paragraph 1 of the Complaint, the terms of the Swap Agreement speak for themselves and, therefore, no response is required. With respect to

the third sentence of the second paragraph of paragraph 1 of the Complaint, LBSF admits that it has not remitted a collateral payment to Aliant Bank since September 2008, but, otherwise, LBSF denies the allegations set forth in the third sentence of the second paragraph of paragraph 1 of the Complaint. The fourth sentence of the second paragraph of paragraph 1 of the Complaint characterizes the nature of the relief sought by Aliant Bank and, therefore, no response is required; by way of further response, the fourth sentence of the second paragraph of paragraph 1 of the Complaint is not directed at LBSF and, therefore, no response is required.

## PARTIES

2. LBSF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. LBSF admits the first sentence of paragraph 3 of the Complaint. LBSF admits the second sentence of paragraph 3 of the Complaint, except it denies that its principal place of business is 745 Seventh Ave., New York, New York 10019. LBSF denies the third sentence of paragraph 3 of the Complaint. LBSF admits the fourth sentence of paragraph 3 of the Complaint.

4. LBSF admits the first sentence of Paragraph 4 of the Complaint. LBSF is without knowledge or information sufficient to form a belief as to the truth of the other allegations set forth in paragraph 4 of the Complaint.

5. LBSF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint states a conclusion of law and, therefore, no response is required.

7. Paragraph 7 of the Complaint states a conclusion of law and, therefore, no response is required.

8. LBSF admits paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint states a conclusion of law and, therefore, no response is required.

## BACKGROUND FACTS

**The Pre-Petition Relationship between LBSF and Aliant**

10. LBSF admits that on or about October 24, 2003, LBSF and Aliant Bank entered into an International Swap Dealers Association Master Agreement, along with an attached Schedule and Credit Support Annex. LBSF further admits that what purport to be copies of the Master Agreement, Schedule and Credit Support Annex are attached as Exhibit A to the Complaint.

11. LBSF admits that on or about November 2, 2005, LBSF and Aliant Bank amended the Swap Agreement, but, otherwise, the amendment to the Swap Agreement speaks for itself and, therefore, no response is required. LBSF further admits that what purports to be a copy of the amendment to the Swap Agreement is attached as Exhibit B to the Complaint.

12. Paragraph 12 of the Complaint states a conclusion of law and, therefore, no response is required. By way of further response, the terms of the Swap Agreement speak for themselves and, therefore, no response is required.

13. LBSF admits paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint states a conclusion of law and, therefore, no response is required. By way of further response, the terms of the Swap Agreement speak for themselves and, therefore, no response is required.

15. LBSF admits that on or about October 27, 2005, Aliant Bank transferred the FNMA Security to LBSF. By way of further response, LBSF is without knowledge or information sufficient to form a belief as to the truth of the other allegations set forth in paragraph 15 of the Complaint. By way of further response, paragraph 15 of the Complaint states conclusions of law and, therefore, no response is required. By way of further response, the terms of the Credit Support Annex speak for themselves and, therefore, no response is required.

16. Paragraph 16 of the Complaint states conclusions of law and, therefore, no response is required. By way of further response, the terms of the Credit Support Annex speak for themselves and, therefore, no response is required.

17. LBSF admits that from time to time it transferred certain monthly payments that it received on account of the FNMA Security. By way of further response, paragraph 17 of the Complaint states conclusions of law and, therefore, no response is required. By way of further response, the terms of the Credit Support Annex speak for themselves, and, therefore, no response is required.

**Pre-Petition Event of Default, Declaration of Early
Termination Date and Demand for Return of Swap Collateral**

18. Paragraph 18 of the Complaint states a conclusion of law and, therefore, no response is required. By way of further response, the terms of the Swap Agreement speak for themselves and, therefore, no response is required.

19. Paragraph 19 of the Complaint states a conclusion of law and, therefore, no response is required. By way of further response, the terms of the Swap Agreement speak for themselves and therefore, no response is required.

20. LBSF admits paragraph 20 of the Complaint.

21. LBSF admits paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint states a conclusion of law and, therefore, no response is required. By way of further response, the terms of the Swap Agreement speak for themselves and, therefore, no response is required.

23. Paragraph 23 of the Complaint states a conclusion of law and, therefore, no response is required. By way of further response, the terms of the Master Agreement speak for themselves and, therefore, no response is required.

24. LBSF admits that it received a letter from Aliant Bank on or about September 26, 2008. By way of further response, paragraph 24 of the Complaint states a conclusion of law and, therefore, no response is required. By way of further response, Aliant Bank's letter dated September 25, 2008, speaks for itself and, therefore, no response is required. LBSF further admits that what purports to be a copy of Aliant Bank's letter dated September 25, 2008, is attached as Exhibit C to the Complaint.

25. LBSF admits that it has not returned the Swap Collateral to Aliant Bank.

26. LBSF admits that what purports to be a letter and attachment from Aliant Bank to LBSF dated October 2, 2008, is attached as Exhibit D to the Complaint. By way of further response, the contents of Aliant Bank's letter and attachment dated October 2, 2008, speak for themselves and, therefore, no response is required.

27. LBSF admits paragraph 27 of the Complaint.

**Role of JP Morgan**

28. The allegations contained in paragraph 28 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, LBSF admits, on information and belief, that J.P. Morgan is a sophisticated financial institution.

29. The allegations contained in paragraph 29 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, LBSF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, LBSF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31. The allegations contained in paragraph 31 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, LBSF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. The allegations contained in paragraph 32 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, LBSF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint. To the extent a response is required, by way of further response, paragraph 32 of the Complaint states a conclusion of law and, therefore, no response is required. To the extent a response is required, by way of further response, the terms of the Swap Agreement speak for themselves and, therefore, no response is required.

33. The allegations contained in paragraph 33 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, LBSF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint. To the extent a response is required, by way of further

response, paragraph 33 of the Complaint states conclusions of law and, therefore, no response is required.

**LBSF's Bankruptcy Filing**

34. LBSF admits paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint states conclusions of law and, therefore, no response is required.

36. LBSF admits that what purports to be an email chain culminating in a communication, dated November 6, 2008, from an individual purportedly employed by Barclays to an individual purportedly employed by Aliant Bank is attached as Exhibit E to the Complaint. By way of further response, the contents of the email chain speak for themselves and, therefore, no response is required. By way of further response, LBSF denies that it now has, or had on November 6, 2008, possession of the Swap Collateral.

37. Paragraph 37 of the Complaint states a legal conclusion and, therefore, no response is required. By way of further response, the terms of the Credit Support Annex speak for themselves and, therefore, no response is required.

38. LBSF admits that what purports to be a letter from LBSF to Aliant Bank dated November 13, 2008, is attached as Exhibit F to the Complaint. By way of further response, the contents of the letter speak for themselves and, therefore, no response is required.

### FIRST CAUSE OF ACTION

### (Against LBSF and J.P. Morgan)

### Specific Performance as to the Swap Collateral

39. LBSF repeats, reiterates and realleges each and every response to paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Paragraph 40 of the Complaint states a conclusion of law and, therefore, no response is required. To the extent a response is required, by way of further response, the terms of the Swap Agreement speak for themselves and, therefore, no response is required. To the extent a response is required, by way of further response, LBSF denies the allegations set forth in paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint states a conclusion of law and, therefore, no response is required. To the extent a response is required, by way of further response, LBSF denies that Aliant Bank is entitled to an order of specific performance to enforce its contractual rights.

42. The first clause of paragraph 42 of the Complaint states a legal conclusion and, therefore, no response is required. As to the second clause of paragraph 42 of the Complaint, LBSF admits that it has not returned the Swap Collateral to Aliant Bank.

43. Paragraph 43 of the Complaint states conclusions of law and, therefore, no response is required. To the extent a response is required, LBSF denies the allegations set forth in paragraph 43 of the Complaint.

44. The allegations contained in paragraph 44 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, paragraph 44 of the Complaint states conclusions of law and, therefore, no response is required.

45. The contents of the November 6, 2008, email speak for themselves and, therefore, no response is required. By way of further response, LBSF denies that it has, or had on November 6, 2008, possession of the Swap Collateral. By way of further response, the "wherefore" clause of paragraph 45 of the Complaint calls for a legal conclusion and, therefore, no response is required.

## SECOND CAUSE OF ACTION

### (Against LBSF and J.P. Morgan)

### Specific Performance as to the Non-Remitted Distributions

46. LBSF repeats, reiterates and realleges each and every response to paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47. Paragraph 47 of the Complaint states a conclusion of law and, therefore, no response is required. To the extent a response is required, by way of further response, the terms of the Swap Agreement speak for themselves and, therefore, no response is required.

48. Paragraph 48 of the Complaint states a conclusion of law and, therefore, no response is required. To the extent a response is required, by way of further response, LBSF denies that Aliant Bank is entitled to an order of specific performance to enforce its contractual rights.

49. Paragraph 49 of the Complaint states a conclusion of law and, therefore, no response is required.

50. Paragraph 50 of the Complaint states a conclusion of law and, therefore, no response is required.

51. The allegations contained in paragraph 51 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, paragraph 51 of the Complaint states a conclusion of law and, therefore, no response is required. By way of further response, the "wherefore" clause of paragraph 51 of the Complaint calls for a legal conclusion and, therefore, no response is required.

## THIRD CAUSE OF ACTION

## (Against FNMA)

## Compel Change of Recipient of Monthly Excess Collateral Payments

52. LBSF repeats, reiterates and realleges each and every response to paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53. The allegations contained in paragraph 53 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, paragraph 53 of the Complaint states a conclusion of law and, therefore, no response is required.

54. The allegations contained in paragraph 54 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, paragraph 54 of the Complaint (including the "wherefore" clause) states a conclusion of law and, therefore, no response is required.

## FOURTH CAUSE OF ACTION

## (Against LBSF and J.P. Morgan)

## Constructive Trust (In the Alternative)

55. LBSF repeats, reiterates and realleges each and every response to paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56. Paragraph 56 of the Complaint states a conclusion of law and, therefore, no response is required.

57. The allegations contained in paragraph 57 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, LBSF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58. The allegations contained in paragraph 58 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, LBSF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59. The allegations contained in paragraph 59 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, paragraph 59 of the Complaint states a conclusion of law and, therefore, no response is required.

60. The allegations contained in paragraph 60 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, LBSF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61. The allegations contained in paragraph 61 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, paragraph 61 of the Complaint states a conclusion of law and, therefore, no response is required.

62. The allegations contained in paragraph 62 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, paragraph 62 of the Complaint states a conclusion of law and, therefore, no response is required.

63. The allegations contained in paragraph 63 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, paragraph 63 of the Complaint (including the "wherefore" clause) states a conclusion of law and, therefore, no response is required. To the extent a response is required, by way of further response, LBSF denies that Aliant Bank is entitled to the equitable remedy of a constructive trust.

## FIFTH CAUSE OF ACTION

### (Against J.P. Morgan)

### Conversion (In the Alternative)

64. LBSF repeats, reiterates and realleges each and every response to paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65. The allegations contained in paragraph 65 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, paragraph 65 of the Complaint states a conclusion of law and, therefore, no response is required. To the extent a response is required, by way of further response, LBSF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint.

66. The allegations contained in paragraph 66 of the Complaint are not directed at LBSF and, therefore, no response is required. To the extent a response is required, paragraph 66 of the Complaint (including the "wherefore" clause) states a conclusion of law and, therefore, no response is required. To the extent a response is required, by way of further response, LBSF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint.

## SIXTH CAUSE OF ACTION

### (Against LBSF)

### Breach of Contract

67. LBSF repeats, reiterates and realleges each and every response to paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68. Paragraph 68 of the Complaint states a conclusion of law and, therefore, no response is required. By way of further response, the terms of the Swap Agreement speak for themselves and, therefore, no response is required. To the extent a response is required, LBSF denies the allegations set forth in paragraph 68 of the Complaint.

69. The first clause of paragraph 69 of the Complaint states a conclusion of law and, therefore, no response is required. To the extent a response is required, as to the second clause of paragraph 69 of the Complaint, LBSF admits that it has not returned the Swap Collateral to Aliant Bank, but otherwise LBSF denies the allegations set forth in paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint states a conclusion of law and, therefore, no response is required. To the extent a response is required, LBSF denies the allegations set forth in paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint (including the "wherefore" clause) states a conclusion of law and, therefore, no response is required. To the extent a response is required, LBSF denies the allegations set forth in paragraph 71 of the Complaint.

**SEVENTH CAUSE OF ACTION**

**(Against LBSF)**

**Constructive Trust (In the Alternative)**

72. LBSF repeats, reiterates and realleges each and every response to paragraphs 1 through 71 of the Complaint as if fully set forth herein.

73. LBSF denies the allegations set forth in paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint states a conclusion of law and, therefore, no response is required. To the extent a response is required, LBSF denies the allegations set forth in paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint states a conclusion of law and, therefore, no response is required. To the extent a response is required, LBSF denies the allegations set forth in paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint (including the "wherefore" clause) states a conclusion of law and, therefore, no response is required. To the extent a response is required, LBSF denies that Aliant Bank is entitled to the equitable remedy of a constructive trust.

## SEVENTH [sic] CAUSE OF ACTION

### (Against LBSF)

### Constructive Trust (In the Alternative)

77. LBSF repeats, reiterates and realleges each and every response to paragraphs 1 through 76 of the Complaint as if fully set forth herein.

78. Paragraph 78 of the Complaint states a conclusion of law and, therefore, no response is required. To the extent a response is required, LBSF denies the allegations set forth in paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint (including the "wherefore" clause) states a conclusion of law and, therefore, no response is required. To the extent a response is required, LBSF denies the allegations set forth in paragraph 79 of the Complaint.

## EIGHTH CAUSE OF ACTION

## (Against LBSF)

## Redemption (In the Alternative)

80. LBSF repeats, reiterates and realleges each and every response to paragraphs 1 through 79 of the Complaint as if fully set forth herein.

81. Paragraph 81 of the Complaint states a conclusion of law and, therefore, no response is required. To the extent a response is required, LBSF denies the allegations set forth in paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint states a conclusion of law and, therefore, no response is required. To the extent a response is required, LBSF denies the allegations set forth in paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint states a conclusion of law and, therefore, no response is required. To the extent a response is required, LBSF denies the allegations set forth in paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint states a conclusion of law and, therefore, no response is required. To the extent a response is required, LBSF denies the allegations set forth in paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint states a conclusion of law and, therefore, no response is required. To the extent a response is required, LBSF denies the allegations set forth in paragraph 85 of the Complaint.

86 Paragraph 86 of the Complaint (including the "wherefore" clause) states a conclusion of law and, therefore, no response is required. To the extent a response is required, LBSF denies the allegations set forth in paragraph 86 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Aliant Bank's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Aliant Bank is not entitled to any equitable remedies because it has an adequate remedy at law.

### THIRD AFFIRMATIVE DEFENSE

LBSF does not now possess, nor has it possessed post-petition, the FNMA Security sought by Aliant Bank in this action. As a matter of law, the equitable remedy of specific performance for the return of the FNMA Security is not available to Aliant Bank.

### FOURTH AFFIRMATIVE DEFENSE

LBSF does not now possess, nor has it possessed post-petition, the FNMA Security sought by Aliant Bank in this action. As a matter of law, the equitable remedy of imposition of a constructive trust over the FNMA Security is not available to Aliant Bank.

### FIFTH AFFIRMATIVE DEFENSE

Under the terms of the Swap Agreement, LBSF was permitted to rehypothecate the FNMA Security. As a matter of law, LBSF cannot therefore have converted Aliant Bank's property.

### SIXTH AFFIRMATIVE DEFENSE

LBSF reserves the right to assert other defenses as they become known.

Dated: January 5, 2009
      New York, New York

      /s/ Diane Harvey
      Diane Harvey, Esq. (DH 2486)

      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, NY 10153-0019
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Debtors and
      Defendant Lehman Brothers Special Financing Inc.