**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, New York 10019
Telephone (212) 403-1000
Facsimile (212) 403-2000
Harold S. Novikoff (HN 3898)
Amy R. Wolf (AW 6646)
Emil A. Kleinhaus (EK 6731)

Attorneys for JPMorgan Chase Bank, N.A.

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case |
| LEHMAN BROTHERS HOLDINGS, INC., | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |
| ALIANT BANK, | |
| Plaintiff, | |
| vs. | Adversary Proceeding No. 08-1751 |
| LEHMAN BROTHERS SPECIAL FINANCING, INC., JPMORGAN CHASE BANK, N.A. and FEDERAL NATIONAL MORTGAGE ASSOCIATION, | |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES OF JPMORGAN CHASE BANK, N.A.
TO ALIANT BANK'S VERIFIED COMPLAINT**

Defendant JPMorgan Chase Bank, N.A. ("JPMorgan"), by its attorneys, Wachtell, Lipton, Rosen & Katz, hereby answers the Verified Complaint (the "Complaint") of Aliant Bank (Aliant"), as follows:

1. States that the allegations of the first and second sentences of the Complaint constitute legal conclusions to which no responsive pleading is required. Denies knowledge or information sufficient to form a belief as to the allegations of the third and fourth sentences of the Complaint, and denies that JPMorgan is holding the Swap Collateral. States that inasmuch as the allegations of the fifth and sixth sentences of the Complaint are directed to Lehman Brothers Special Financing, Inc. ("LBSF"), no response is required, and denies such allegations to the extent they relate to JPMorgan. Denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the first second, and third sentences of paragraph 3 of the Complaint. Admits the allegations of the last sentence of paragraph 3 of the Complaint.

4. Admits the allegations of the first sentence of paragraph 4 of the Complaint. Denies the remaining allegations of paragraph 4 of the Complaint, except states that JPMorgan is one of the largest banking institutions in the United States and is a leading global financial services firm with operations throughout the world and refers to its Annual Report and filings with the Securities and Exchange Commission for the contents thereof. Further answering the allegations of paragraph 4 of the Complaint, JPMorgan states that it had multiple contractual relationships with LBSF over time and refers to each one of those contracts for the terms set forth therein.

5. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 5 of the Complaint.

6. States that the allegations of paragraph 6 of the Complaint constitute legal conclusions to which no responsive pleading is required.

7. States that the allegations of paragraph 7 of the Complaint constitute legal conclusions to which no responsive pleading is required.

8. Denies that this is a core proceeding as to JPMorgan, and further states that JPMorgan consents to entry of final orders or judgment by the bankruptcy judge.

9. States that the allegations of paragraph 9 of the Complaint constitute legal conclusions to which no responsive pleading is required.

10. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 12 of the Complaint, and respectfully refers to the Swap Agreement for the terms thereof.

13. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 14 of the Complaint, and respectfully refers to the Master Agreement for the terms thereof.

15. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 16 of the Complaint, and respectfully refers to the Credit Support Annex for the terms thereof.

17. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 18 of the Complaint, and respectfully refers to the Swap Agreement for the terms thereof.

19. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 19 of the Complaint, and respectfully refers to the Swap Agreement for the terms thereof.

20. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 20 of the Complaint, and respectfully refers to the Swap Agreement for the terms thereof.

21. Admits the allegations of paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 22 of the Complaint, and respectfully refers to the Swap Agreement for the terms thereof.

23. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 23 of the Complaint, and respectfully refers to the Master Agreement for the terms thereof.

24. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 27 of the Complaint.

28. Denies the allegations of paragraph 28 of the Complaint, except states that JPMorgan is one of the largest banking institutions in the United States and is a leading global financial services firm with operations throughout the world.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 29 of the Complaint, and denies the allegations of the third sentence thereof.

30. Denies the allegations of paragraph 30 of the Complaint.

31. Denies the allegations of paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 32 of the Complaint, and respectfully refers to the Credit Support Annex for the terms thereof.

33. Admits the allegations of the first sentence of paragraph 33 of the Complaint, and denies the allegations of the second sentence thereof.

34. Admits the allegations of paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 36 of the Complaint, and respectfully refers to the Complaint as filed with the Bankruptcy Court for the attachments referenced in this paragraph.

37. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 37 of the Complaint, and respectfully refers to the Credit Support annex for the terms thereof.

38. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 38 of the Complaint.

39. Repeats and realleges, with the same force and effect as if fully set forth herein, the responses to paragraphs 1 through 38 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 40 of the Complaint, and respectfully refers to the Swap Agreement for the terms thereof.

41. States that the allegations of paragraph 41 constitute legal conclusions to which no responsive pleading is required.

42. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 42 of the Complaint.

43. States that the allegations of paragraph 43 are directed to LBSF to which no response is required.

44. States that the allegations of paragraph 44 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, denies the allegations of paragraph 44.

45. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 45 of the Complaint.

46. Repeats and realleges, with the same force and effect as if fully set forth herein, the responses to paragraphs 1 through 45 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 47 of the Complaint, and respectfully refers to the Swap Agreement for the terms thereof.

48. States that the allegations of paragraph 48 constitute legal conclusions to which no responsive pleading is required.

49. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 49 of the Complaint.

50. States that the allegations of paragraph 50 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, denies the allegations of paragraph 50.

51. States that the allegations of paragraph 51 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, denies the allegations of paragraph 51.

52. Repeats and realleges, with the same force and effect as if fully set forth herein, the responses to paragraphs 1 through 51 of the Complaint.

53. Denies the allegations of paragraph 53 of the Complaint.

54. States that the allegations of paragraph 54 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, denies the allegation of paragraph 54 that "JPMorgan, upon information and belief, may be seeking to (improperly) assert setoff rights to the Monthly Excess Collateral Payments."

55. Repeats and realleges, with the same force and effect as if fully set forth herein, the responses to paragraphs 1 through 54 of the Complaint.

56. States that the allegations of paragraph 56 constitute legal conclusions to which no responsive pleading is required.

57. Denies the allegations of paragraph 57 of the Complaint.

58. Denies the allegations of paragraph 58 of the Complaint.

59. Denies the allegations of paragraph 59 of the Complaint.

60. Denies the allegations of paragraph 60 of the Complaint, except admits that JPMorgan learned of the bankruptcy filings of Lehman Brothers Holdings Inc. and LBSF.

61. Denies the allegations of paragraph 61 of the Complaint.

62. Denies the allegations of paragraph 62 of the Complaint.

63. Denies the allegations of paragraph 63 of the Complaint.

64. Repeats and realleges, with the same force and effect as if fully set forth herein, the responses to paragraphs 1 through 63 of the Complaint.

65. Denies the allegations of paragraph 65 of the Complaint.

66. Denies the allegations of paragraph 66 of the Complaint.

67. Repeats and realleges, with the same force and effect as if fully set forth herein, the responses to paragraphs 1 through 66 of the Complaint.

68. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 68 of the Complaint, and respectfully refers to the Swap Agreement for the terms thereof.

69. States that inasmuch as the allegations of paragraph 69 are directed to LBSF, no response is required.

70. States that inasmuch as the allegations of paragraph 70 are directed to LBSF, no response is required.

71. States that inasmuch as the allegations of paragraph 71 are directed to LBSF, no response is required.

72. Repeats and realleges, with the same force and effect as if fully set forth herein, the responses to paragraphs 1 through 71 of the Complaint.

73. States that inasmuch as the allegations of paragraph 73 are directed to LBSF, no response is required.

74. States that inasmuch as the allegations of paragraph 74 are directed to LBSF, no response is required.

75. States that inasmuch as the allegations of paragraph 75 are directed to LBSF, no response is required.

76. States that inasmuch as the allegations of paragraph 76 are directed to LBSF, no response is required, and denies the allegations as to JPMorgan.

77. Repeats and realleges, with the same force and effect as if fully set forth herein, the responses to paragraphs 1 through 76 of the Complaint.

78. States that inasmuch as the allegations of paragraph 78 are directed to LBSF, no response is required.

79. States that inasmuch as allegations of paragraph 79 are directed to LBSF, no response is required.

80. Repeats and realleges, with the same force and effect as if fully set forth herein, the responses to paragraphs 1 through 79 of the Complaint.

81. States that the allegations of paragraph 81 constitute legal conclusions to which no responsive pleading is required.

82. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 82 of the Complaint.

83. States that inasmuch as the allegations of paragraph 83 are directed to LBSF, no response is required.

84. States that the allegations of paragraph 84 constitute legal conclusions to which no responsive pleading is required.

85. States that the allegations of paragraph 85 constitute legal conclusions to which no responsive pleading is required.

86. States that the allegations of paragraph 86 constitute legal conclusions to which no responsive pleading is required.

## AFFIRMATIVE DEFENSES

In asserting the following affirmative defenses to Plaintiff's claims, JPMorgan does not concede that the assertion of such defenses imposes any burden of proof on JPMorgan with respect thereto. Furthermore, JPMorgan has not yet completed its investigation and, to the extent investigation and/or discovery warrant, reserves the right to supplement, amend or withdraw any or all of the following affirmative defenses prior to any trial of this action. At the present time, JPMorgan asserts that the claims alleged in the Complaint against JPMorgan are barred in whole or in part, because:

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim against JPMorgan upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Aliant is not entitled to any equitable remedies because it has an adequate remedy at law.

### THIRD AFFIRMATIVE DEFENSE

3. JPMorgan does not possess the FNMA Security sought by Aliant in this action. As a matter of law, the equitable remedy of specific performance for the return of the FNMA Security is not available to Aliant.

### FOURTH AFFIRMATIVE DEFENSE

4. JPMorgan does not possess the FNMA Security sought by Aliant in this

action. As a matter of law, the equitable remedy of imposition of a constructive trust is not available to Aliant.

**FIFTH AFFIRMATIVE DEFENSE**

5.  Aliant is estopped, has waived or is otherwise precluded from pursuing the claims asserted in the Complaint against JPMorgan by virtue of its own failures, acts and omissions which caused its loss.

**SIXTH AFFIRMATIVE DEFENSE**

6.  JPMorgan was a bona fide purchaser for value of the FNMA Security.

**SEVENTH AFFIRMATIVE DEFENSE**

7.  Some or all of Aliant's claims are moot.

**EIGHTH AFFIRMATIVE DEFENSE**

8.  JPMorgan incorporates by reference all affirmative defenses asserted by any other party in this Action to the extent they apply to JPMorgan and expressly reserves the right to assert other defenses, counterclaims and cross-claims as they become known.

WHEREFORE, JPMorgan Chase Bank, N.A. respectfully requests that judgment be entered in its favor as follows:

1.  Dismissing with prejudice Plaintiff's Complaint in its entirety and on the merits;

2.  Awarding to JPMorgan its costs, disbursements and reasonable attorneys'

fees incurred in defending this action; and

       3.     Awarding to JPMorgan such other and further relief as the Court deems just and equitable.

Dated: New York, New York
       January 12, 2009

                            WACHTELL, LIPTON, ROSEN & KATZ

                            By: /s/ Amy R. Wolf
                                Harold S. Novikoff (HN 3898)
                                Amy R. Wolf (AW 6646)
                                Emil A. Kleinhaus (EK 6731)

51 West 52nd Street
New York, New York 10019
(212) 403-1000

Attorneys for JPMorgan Chase Bank, N.A.